### CARRABY vs. DAVIS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The defendant was arrested on an affidavit that he was indebted to the plaintiff, and that he was about to remove from the state without leaving in it sufficient property to satisfy the demand.

A rule was taken on the plaintiff to shew cause why the order of arrest should not be set aside, and the court after hearing testimony made the rule absolute.

*If a defendant who is about to absent himself, be arrested on an affidavit that he does not leave property to satisfy the demand, he may be discharged on shewing he does leave enough to pay that sued on, tho' it may be doubtful whether he is able to pay all his debts.*

The principal ground on which the correctness of this decision has been assailed, is, that the evidence shews the defendant to be in embarrassed circumstances; that if all his debts were enforced against him he would be insolvent. This fact is not clearly made out by the proof, and a great part of the debts do not fall due for years. But admitting it were, the law does not speak of a man not having property to pay *all his debts* but that he has not enough to pay *that* sued on. Many are the instances in which a debt is collected by execution, where the party is insolvent. Were it however otherwise, it might be sufficient for us

Eastern Dist  to say, that laws which deprive men of their
*June,* 18 7.
liberty on the oath of their adversary, ought to
CARRABY
*vs.*  receive a trict construction, and should not be
DAVIS.
extended to any case not coming within the
letter.

But this construction is not only in conso-
nance with the letter, but in pursuance to the
spirit of the law. The case has been argued
as if it were the object of the enactment to ob-
tain security for the debt. But this is clearly
erroneous. The intention of it was nothing
more, than that the creditor should have the
body of his debtor, in case there were not goods
enough to satisfy his claim. Now every ob-
ject of the law is attained by the construction
we put on it, in case a man who has a good
deal of property in his hands, but who owes
to the amount of it, leaves the state. If he re-
mains absent the execution that may issue on
the judgment obtained against him, can be le-
vied on the property behind, and the debt will
be satisfied. The insolvency cannot stand in
the way of the recovery, nor diminish the se-
curity unless the debtor will return and file his
bilan, and the moment he returns into the state
to do so, his body is subject to the process of
the creditor. Take it therefore which way we

will, the purpose for which the statute was made is fulfilled. The creditor has his goods un- less his debtor should come back to make a cession of them, and then he has his body. In a word the creditor has every security he would have had, if the removal had not taken place, and we are most clear the statute had in view nothing more.

As in the case before us, there is proof that the defendant leaves behind him sufficient property to satisfy this debt, and as we see nothing to prevent the creditor being satisfied out of it, unless the debtor should return and file his bilan, we are of opinion the judge below committed no error in discharging the order of arrest. *Code of Practice*, 214.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed with costs.

*Seghers* for the plaintiff, *Eustis & Canon* for the defendant.